IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUSSELL CHAVEZ,

        Plaintiff,
vs.                                                      CIVIL NO. 11-601 LFG/KBM

NAVAJO NATION TRIBAL COURTS,
NAVAJO NATION TRIBE, THOMAS
HOLGATE, District Court Judge, Navajo
Nation District Court; HERB YAZZIE,
Chief Justice Judge, Supreme Court of
Navajo Nation; E. SHIRLEY, Associate
Justice Judge, Supreme Court of Navajo
Nation; and BEN SHELLY, JR., Navajo
Tribal President,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS DUE TO LACK OF JURISDICTION

THIS MATTER is before the Court on Defendants' Motion to Dismiss [Doc. 7]. The Court considered the motion together with Russell Chavez's ("Chavez") Response in opposition [Doc. 16], as well as Defendants' Reply [Doc. 17]. Oral argument is not necessary. For the reasons hereafter set out, Defendants' motion is granted.

### Background

Chavez seeks to prosecute civil rights claims against the Navajo Nation Tribal Courts and against the Navajo Nation itself. He also seeks to appeal rulings issued by T.J. Holgate, Navajo Nation District Court Judge, as well as the affirmance of Judge Holgate's rulings by the Supreme Court of the Navajo Nation.[1]

---

[1] One of Chavez's appeals from tribal court's rulings is pending before the Navajo Supreme Court. *See* Chavez v. Arizona State Hospital, No. SC-CV-69-10 (Nav. Sup. Ct. 2011) [Defendants' Ex. 1.]

Chavez's Complaint, a behemoth pleading, with 439 pages, recites Chavez's dissatisfaction with alleged corruption within the Navajo Nation dating back multiple decades to the administration of then Chairman Peter McDonald. Chavez alleges that the great Navajo Nation and various Navajo tribal entities deprived him of constitutional rights. He asserts a history of financial mismanagement, corruption, Tribal Council conflicts of interest, insider dealing, and an allegedly corrupt judicial system.

### Present Motion

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendants specifically note that Chavez's causes of action all are claimed to arise under 42 U.S.C. § 1983 and the United States Constitution. But, as Defendants' alleged conduct does not arise under color of state law, but, rather, under color of Tribal law, Defendants assert that the federal court has no jurisdiction.

### Analysis

Chavez asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1343(a) as well as 42 U.S.C. § 1983. Chavez is incorrect on both assertions.

Section 1343(a)(3) provides:

> The district court shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> * * *
>
> (3) to redress the deprivation, under color of any state law, statute, ordinance, regulation, customer or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

Thus, the pre-condition for bringing a claim under § 1343 is that a civil action be "authorized by law."

## **Conclusion**

The Court determines that Chavez's claims against the Navajo Nation Tribal Courts, the Navajo Nation, and Navajo Nation officials must be dismissed due to lack of jurisdiction.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is GRANTED; and Chavez's claims as against all Defendants are DISMISSED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge