IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUSSELL CHAVEZ,

        Plaintiff,
vs.

NAVAJO NATION TRIBAL COURTS,
NAVAJO NATION TRIBE, THOMAS
HOLGATE, District Court Judge, Navajo
Nation District Court; HERB YAZZIE,
Chief Justice Judge, Supreme Court of
Navajo Nation; E. SHIRLEY, Associate
Justice Judge, Supreme Court of Navajo
Nation; and BEN SHELLY, JR., Navajo
Tribal President,

        Defendants.

CIVIL NO. 11-601 LFG/KBM

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS DUE TO LACK OF JURISDICTION

THIS MATTER is before the Court on Defendants' Motion to Dismiss [Doc. 7]. The Court considered the motion together with Russell Chavez's ("Chavez") Response in opposition [Doc. 16], as well as Defendants' Reply [Doc. 17]. Oral argument is not necessary. For the reasons hereafter set out, Defendants' motion is granted.

### Background

Chavez seeks to prosecute civil rights claims against the Navajo Nation Tribal Courts and against the Navajo Nation itself. He also seeks to appeal rulings issued by T.J. Holgate, Navajo Nation District Court Judge, as well as the affirmance of Judge Holgate's rulings by the Supreme Court of the Navajo Nation.[1]

---

[1] One of Chavez's appeals from tribal court's rulings is pending before the Navajo Supreme Court. *See* Chavez v. Arizona State Hospital, No. SC-CV-69-10 (Nav. Sup. Ct. 2011) [Defendants' Ex. 1.]

Chavez's Complaint, a behemoth pleading, with 439 pages, recites Chavez's dissatisfaction with alleged corruption within the Navajo Nation dating back multiple decades to the administration of then Chairman Peter McDonald. Chavez alleges that the great Navajo Nation and various Navajo tribal entities deprived him of constitutional rights. He asserts a history of financial mismanagement, corruption, Tribal Council conflicts of interest, insider dealing, and an allegedly corrupt judicial system.

## Present Motion

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendants specifically note that Chavez's causes of action all are claimed to arise under 42 U.S.C. § 1983 and the United States Constitution. But, as Defendants' alleged conduct does not arise under color of state law, but, rather, under color of Tribal law, Defendants assert that the federal court has no jurisdiction.

## Analysis

Chavez asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1343(a) as well as 42 U.S.C. § 1983. Chavez is incorrect on both assertions.

Section 1343(a)(3) provides:

> The district court shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> * * *
>
> (3) to redress the deprivation, under color of any state law, statute, ordinance, regulation, customer or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

Thus, the pre-condition for bringing a claim under § 1343 is that a civil action be "authorized by law."

The law upon which Chavez seeks to rely is 42 U.S.C. § 1983.  This federal statute allows a plaintiff to prosecute a claim for violation of rights when two conditions exist:  (1) "[t]he plaintiff must allege that some person has deprived him of a federal right," and (2) "he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980); West v. Atkins, 487 U.S. 42, 48 (1988).

Both elements must be present.  A party may not prosecute a claim under 42 U.S.C. § 1983 unless there is both an alleged constitutional violation and action taken under color of state law by a person or entity who allegedly violated the Constitution or a federally protected right.  The acts or omissions of the Navajo Nation and Navajo courts are not undertaken pursuant to the United States Constitution or federal law.  Instead, those entities act under color of tribal law.  Burrell v. Armijo, 456 F.3d 1159, 1174 (10th Cir. 2006); E.F.W. v. St. Stephen's Indian High School, 264 F.3d 1297, 1305-06 (10th Cir. 2001).

In Burrell, *supra*, the plaintiff brought claims against tribal officials and sought to rely on 42 U.S.C. § 1983.  The Tenth Circuit Court of Appeals sustained dismissal of the § 1983 claim against tribal officials because they act under color of tribal law as opposed to state law. The Circuit concluded that the plaintiff failed to state a claim under § 1983 for which the court could grant relief. Fed. R. Civ. P. 12(b)(6); id. at 1174-75.

So, too, in the St. Stephen's case, *supra*, the Tenth Circuit noted:

> [Section 1983] created a federal cause of action for damages to vindicate alleged violations of federal law committed by individuals acting under color of *state law* . . . .  Therefore, the only proper defendants in a [Section 1983] claim are those who represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.

Id., 264 F.3d at 1305.

3

Case 1:11-cv-00601-LFG-KBM Document 22 Filed 09/14/11 Page 4 of 5

It is clear by reading Chavez's voluminous Complaint that his disputes all concern the operation of tribal government and tribal courts which do not rely on state law as their genesis. Accordingly, Chavez may not prosecute an action under 42 U.S.C. § 1983 against these defendants. As he may not rely on 42 U.S.C. § 1983, his claims are not authorized under law pursuant to § 1343.

## **Sovereign Immunity**

In addition to Chavez's failure to state a claim under Fed. R. Civ. 12(b)(6), he failed to address Defendants' sovereignty. Indian tribes, as sovereign powers, possess common-law immunity from suit. Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978).

While Congress has authority to limit or control tribal sovereign immunity, it must do so unequivocally. Id.; E.F.W. v. St. Stephen's Indian High School, 264 F.3d at 1304. Neither 42 U.S.C. § 1983 nor 28 U.S.C. § 1343, under which Chavez alleges jurisdiction in his Complaint, can be construed as a congressional intent to waive tribal sovereign immunity.

> [T]he Indian nations ha[ve] always been considered as distinct, independent political communities . . . . Talton v. Maynes, 163 U.S. 376 at 383, 16 S.C. 986 (*quoting* Worcester v. Georgia, 31 U.S. 515, 559 (1832)).

While American courts have moved away from Worcester's "platonic notions of sovereign immunity," McClanahan v. State Tax Comm. of Arizona, 411 U.S. 164, 171-72 (1973), Indian tribes "still possess those aspects of sovereignty not withdrawn by treaty or statute or by implication as a result of their dependent status." United States v. Wheeler, 435 U.S. 313, 323 (1978), *superceded in other respects* by statute, 25 U.S.C. §§ 1301-1303.

In this case, it is clear that the great Navajo Nation is sovereign, and Congress has not authorized a lawsuit against tribal entities pursuant to 42 U.S.C. § 1983.

4

## **Conclusion**

The Court determines that Chavez's claims against the Navajo Nation Tribal Courts, the Navajo Nation, and Navajo Nation officials must be dismissed due to lack of jurisdiction.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is GRANTED; and Chavez's claims as against all Defendants are DISMISSED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge